

July 1, 2020

**VIA CM/ECF and EMAIL**
The Honorable Judge Wilhelmina M. Wright
United States District Court
316 N. Robert Street
St. Paul, MN 55101
wright_chambers@mnd.uscourts.gov

Re:   Northland Baptist Church of St. Paul, Minnesota et al v. Walz, et al.
      Court File No.:  0:20-cv-01100 (WMW/BRT)

Dear Judge Wright:

I write pursuant to your practice pointers to request the opportunity for the Plaintiffs to file a motion for summary judgment before the discovery deadline in this case.

While this case has just recently begun, it is a case that is unusually ripe for decision as a matter of law, at least with respect to liability. Thus, if allowed, the Plaintiffs would move for summary judgment with respect to all four (4) counts of the Second Amended Complaint on liability only. Plaintiffs have discussed this matter with the Defendants before filing this letter, but no agreement has been reached between the parties on this issue.

Discovery has not been completed (in fact, discovery has not really begun yet), but any needed discovery as it relates to liability in this case would probably be limited to (a) whether the complete shutdown of a business results in a *per se* taking under the Fifth Amendment to the U.S. Constitution, (b) whether treating businesses differently based on their characterization as critical or non-critical is a violation of the Equal Protection Clause of the Fourteenth Amendment, and (c) whether restricting church attendance to a greater degree than "critical" businesses violates the Free Exercise Clause of the First Amendment.

Plaintiffs submit that simple and straightforward sworn statements from them attesting to their injuries would be sufficient to allow the Court to decide these liability issues as a matter of law. Plaintiffs recognize that there could be fact disputes, including expert battles, related to the determination of damages under the Takings Clause analysis. That is why Plaintiffs would only seek summary judgment related to liability at this point.

Judicial efficiency would also be served by allowing a motion for summary judgment to proceed before discovery has ended. Plaintiffs anticipate that Defendants Walz and Ellison will file a motion to dismiss based on (a) affirmative defenses such as Eleventh Amendment immunity, and (b) arguments that Plaintiffs complaint fails to state a claim for relief under the theories discussed above. Defendants therefore essentially want to do the reverse of what Plaintiffs are seeking, just without supporting affidavits. It would therefore be more efficient to allow cross-motions in this case.

The Honorable Judge Wilhelmina M. Wright
Re:  Northland, et al v. Walz, et al. (0:20-cv-01100 (WMW/BRT))
July 1, 2020
Page -2-


The alternative is for the parties to fight on a one-motion-after-the-other basis. In my experience, that results in significant delay for final adjudication because it requires this Court to potentially have to decide the same legal issues twice, if the Plaintiffs survive the motion to dismiss. I believe it is better to have the liability issue fully adjudicated now, when the facts underlying liability do not appear to be in dispute – at least, I am not aware of what dispute the Defendants might have with affidavits that support the allegations in the Second Amended Complaint.

To accommodate cross motions, Plaintiffs can be flexible and would be willing to agree to a briefing schedule that would release the Defendants from their obligation to file their motion to dismiss within 21 days after the filing of the Second Amended Complaint.

For these reasons, I respectfully request that the Court grant Plaintiffs leave to file a cross-motion for summary judgment on liability only on all four counts of the Second Amended Complaint.

Thank you for your time and consideration.


Respectfully,

*/s/ Douglas P. Seaton*

Douglas P. Seaton, Esq.
President, Upper Midwest Law Center
Attorneys for Plaintiffs


cc:     Opposing counsel via CM/ECF