**The Office of**
# Minnesota Attorney General Keith Ellison
helping people afford their lives and live with dignity and respect  •  www.ag.state.mn.us

July 21, 2020

The Honorable Wilhelmina M. Wright
United States District Court
316 N. Robert Street
Saint Paul, MN  55101

    **Re:**   *Northland Baptist Church of St. Paul, Minnesota v. Walz*
          **Court File No. 20-cv-01100 (WMW/BRT)**

Dear Judge Wright:

Defendants submit this letter pursuant to the Court's July 14, 2020 Order, which asked Defendants to comment on Plaintiffs' request to file a motion for summary judgment before discovery has commenced.  (*See* Dkt. No. 53.)  Defendants respectfully request that the Court deny Plaintiffs' request for two reasons.  First, Defendants' Motion to Dismiss raises dispositive legal issues that should be resolved before consideration of the merits of Plaintiffs' claims. Second, this case is not appropriate for early resolution by summary judgment because Defendants are entitled, at a minimum, to conduct limited discovery before opposing a motion for summary judgment brought by Plaintiffs.

First, on July 14, 2020, Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Dkt. No. 54.)  That Motion raises jurisdictional issues of standing, immunity, and abstention that independently require dismissal of Plaintiffs' Second Amended Complaint.  These are threshold issues that should be considered by the Court before any consideration of the merits of Plaintiffs' claims.  Thus, Plaintiffs are simply incorrect that any motion they would file seeking summary judgment in their favor on the merits of Plaintiffs' claims is "essentially . . . the reverse" of Defendants' Motion.  Requiring the parties to undertake the time and expense of briefing summary judgment when the Court is simultaneously considering dispositive jurisdictional issues would not promote judicial efficiency.

Defendants' Motion also argues that Plaintiffs have failed to state a claim under the constitutional framework for analyzing state action during a public health emergency like the unprecedented COVID-19 pandemic.  If the Court agrees, dismissal is proper.  But if the Court disagrees, that does not mean, as Plaintiffs' suggest, that they would be entitled to summary judgment in their favor.  It simply means that Plaintiffs would be required to prove through

The Honorable Wilhelmina M. Wright
July 21, 2020
Page 2

evidence (not mere allegations) that the Emergency Executive Orders violated their constitutional rights, as in any other case challenging the constitutionality of state action.

Second, even if Defendants did not have a pending motion to dismiss, this case is not ripe for adjudication through early motions for summary judgment. This case is in its infancy. Plaintiffs filed their original complaint on May 6, 2020, their Amended Complaint on May 22, and the operative Second Amended Complaint on June 22. Defendants filed their Motion to Dismiss on July 14, and no discovery has occurred. Depending upon what remains of the case following resolution of Defendants' Motion to Dismiss, there are numerous issues on which Defendants may seek discovery in order to oppose summary judgment on the merits of Plaintiffs' claims. For example, Defendants may seek discovery regarding the extent to which Plaintiffs' religious worship continued during the pandemic, the type of business Plaintiffs' continued to conduct, and whether Plaintiffs are similarly situated to other business or entities that were treated differently under the Emergency Executive Orders. Indeed, prior to submitting their letter to the Court, Plaintiffs requested that Defendants agree to a stipulated set of facts to facilitate early summary judgment motions. This alone is evidence that Plaintiffs themselves believe the existing record is insufficient to support motions for summary judgment. It is not enough, as Plaintiffs suggest to simply submit "straightforward sworn statements . . . attesting to their injuries." Instead, they must "substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." *Frevert v. Ford Motor Co.*, 614 F.3d 466, 473-74 (8th Cir. 2010). And Defendants are entitled to an opportunity to discover relevant evidence related to those alleged injuries.[1]

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' request to file an early motion for summary judgment.

Sincerely,

**/s/ Cicely R. Miltich**

CICELY R. MILTICH
Assistant Attorney General

(651) 757-1243 (Voice)
(651) 282-5832 (Fax)
cicely.miltich@ag.state.mn.us

---

[1] Defendants do not disagree with Plaintiffs' general statement that discovery as it relates to this case "would probably be limited." Should the Motion to Dismiss be denied, Defendants are willing to meet and confer with Plaintiffs to arrive at a discovery plan that allows the parties to move expeditiously towards resolution on the merits without engaging in burdensome and unnecessary discovery, while still allowing Defendants the necessary opportunities to test and defend against Plaintiffs' allegations.